```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 08-22481-CIV-SEITZ
                                    MAGISTRATE JUDGE P.A. WHITE
```

TODD CARLTON SMITH,            :

    Plaintiff,             :

v.                             :     REPORT OF
                                       MAGISTRATE JUDGE
                               :

SECRETARY, FLORIDA DEPARTMENT :
OF CORRECTIONS,

    Defendant.             :

This Cause is before the Court upon the plaintiff Todd Carlton Smith's Motion for Temporary Injunctive Order [DE# 34], the defendant's Response [DE# 35] and the plaintiff's Reply [DE# 40].

This Cause is pending on the Complaint [DE# 1], including supplemental exhibits [DE#'s 5, 41 and 43] and supplemental prayer for relief [DE# 32]. The Honorable Patricia A. Seitz has denied the defendant's Motion to Dismiss [DE# 36 - Order], and the defendant has filed no further responsive pleading to the Complaint.

The plaintiff filed a Motion for Temporary Injunctive Order [DE# 34] while he was housed at the FDC-Miami. The plaintiff has since been returned to a correctional facility in Kansas, and the matter of the plaintiff's ultimate place of incarceration is being contested in this litigation. The plaintiff seeks an order directed to the warden of the Hutchinson Correctional Facility in Kansas directing him to permit the plaintiff to retain in his possession all of his legal materials, which he ordinarily may not

be able to keep in his possession because they exceed the volume of materials permitted by the Kansas Department of Corrections.  The defendant has responded to and objects to the granting of this motion [DE# 35], and the plaintiff contests the defendant's right to respond to his motion, arguing the defendant has no authority to represent the Kansas Department of Corrections. [DE# 40].  The plaintiff also supplements his argument for an order permitting to retain his legal materials and he asks for additional relief, to be able to use the law library computer in the Kansas correctional facility. [DE# 40].

Initially, to the extent the plaintiff seeks injunctive relief against a non-party, he is not entitled to relief.  Generally, the person from whom injunctive relief is sought must be a party to the underlying action.  See In re Infant Formula Antitrust Litigation, MDL 878 v. Abbott Laboratories, 72 F.3d 842, 842-43 (11 Cir. 1995) (finding that a federal court lacks subject matter jurisdiction to issue preliminary or permanent injunction against a non-party); see also Additive Controls & Measurement Systems, Inc. v. Flowdata, Inc., 96 F.3d 1390, 1394 (5 Cir. 1996) (holding that a district court is not authorized to grant injunctive relief against non-parties, and discussing limited situations where such relief might be available, such as under the All Writs Act, which does not appear to apply to this case).  In addition, the order sought by the plaintiff is in the nature of mandamus relief, which is not available to federal courts to direct state officials, such as a warden in the State of Kansas Department of Corrections, in the performance of their duties and functions.  See, e.g., Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275, 1275-76 (5 Cir. 1973); 28 U.S.C. §1361.

In any event, district courts may grant preliminary injunctive relief if the movant shows the following: (1) a substantial likelihood of success on the merits; (2) irreparable injury to the movant if the preliminary injunction is denied; (3) the threatened injury to the movant outweighs the damage the injunction would cause the non-movant; and (4) the injunction would not be adverse to the public interest. Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A., 320 F.3d 1205, 1210 (11 Cir. 2003); McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11 Cir. 1996). The standard for a permanent injunction is essentially the same as for a preliminary injunction except that the movant must show actual success on the merits instead of a likelihood of success on the merits. Siegel v. Lepore, 234 F.3d 1163, 1213 (11 Cir. 2000). The movant must demonstrate irreparable injury and the absence of an adequate remedy at law. Id.

The plaintiff has failed to demonstrate that he is entitled to preliminary injunctive relief. Notably, he has failed to show that he has suffered any actual prejudice in his prosecution of this litigation as a result of any presumed limited availability of his legal materials or resources. Prisoners have a constitutional right to effective access to the courts. Lewis v. Casey, 518 U.S. 343 (1996); Bounds, Correction Commissioner v. Smith, 430 U.S. 817 (1977); Wanninger v. Davenport, 697 F.2d 992 (11 Cir. 1983). The right to have effective access to the courts includes reasonable access to a law library or adequate assistance from persons trained in the law, Bounds, supra; Straub v. Monge, 815 F.2d 1467 (11 Cir. 1987); Wainwright v. Davenport, 697 F.2d 992 (11 Cir. 1993.

Nevertheless, where a prisoner's claim that he has been denied access to the courts involves an alleged deprivation of access to resources other than Bounds' core concern of actual legal assistance, courts require him to demonstrate that he suffered an

actual injury as a result. Chandler v. Baird, 926 F.2d 1057 (11 Cir. 1991), and cases cited at 1062 n. 3; see also, Strickler v. Waters, 989 F.2d 1375 (4 Cir. 1993), and cases cited at 1382 n. 10; Sands v. Lewis, 886 F.2d 1166 (9 Cir. 1989); Hoppins v. Wallace, 751 F.2d 1161 (11 Cir. 1985). In other words, to prove a denial of access to the courts, a plaintiff must show "some quantum of detriment" caused by the challenged conduct of state officials, resulting in the interruption and/or delay of the plaintiff's pending or contemplated litigation. Jenkins v. Lane, 977 F.2d 266, 268 (7 Cir. 1992), quoting Shango v. Jurich, 965 F.2d 289 (7 Cir. 1992). To show "some quantum of detriment," the complaint must allege specific facts such as court dates missed, an inability to make timely filings, or the loss of a case that otherwise could have been won. Martin v. Davies, 917 F.2d 336, 338 (7 Cir. 1990), cert. denied, 501 U.S. 1208 (1991).

Here, the plaintiff has not alleged any facts which indicate that he has suffered any actual injury in the ongoing civil proceeding. As such, the plaintiff falls far short of demonstrating that irreparable injury would result if the preliminary injunction were denied. At this time, any injury is merely speculative, especially in light of the leniency with which courts treat incarcerated individuals. Any threatened injury is unlikely and would not be outweighed by the intrusive nature of a court order into the daily operations of a state prison.

Based on the foregoing, it is recommended that the plaintiff's Motion for Injunctive Order [DE# 34] be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 1st day of May, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Todd Carlton Smith, Pro Se
     No. 26465-004
     Hutchinson Correctional Facility
     P. O. Box 1568
     Hutchinson, KS 67504-1568

     Kathleen M. Savor, Esq.
     Assistant Attorney General
     OFFICE OF THE ATTORNEY GENERAL
     110 S.E. 6th Street, 10th Floor
     Fort Lauderdale, FL 33301